UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                              )
                                    )
    ALISHA WITTY                    )    CASE NO. 15-10258(1)(7)
                                    )
                    Debtor(s)       )

### MEMORANDUM-OPINION

This matter is before the Court on the Motion of the United States Trustee ("Trustee") to Dismiss Case As Abusive Pursuant to 11 U.S.C. §§ 707(b)(1), (b)(3)(A) and (b)(3)(B) (hereinafter "Motion to Dismiss"). The Court considered the Trustee's Motion to Dismiss, the Response of the Debtor Alisha Witty ("Debtor"), comments of counsel at the hearing held on the matter and the post-hearing documents filed by the parties. For the following reasons, the Court will enter the attached Order **DENYING** the Trustee's Motion.

### PROCEDURAL BACKGROUND

On March 18, 2015, Debtor filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

Debtor was married to Brian Witty for approximately 15 years. The parties have two sons, ages 4 and 8. The parties filed for divorce in 2013. Following the parties' divorce, Debtor accepted new employment in Raleigh, North Carolina which caused her to move from Bowling Green, Kentucky in December 2013. Debtor has a Masters Degree in Computer Science and Math. She is currently employed by Domtar Personal Case ("Domtar") as the Director of Business Intelligence and Enterprise Architecture. Debtor's 2014 federal tax return reflects her annual gross income of $187,000, which included a one-time relocation bonus of $23,000. On Schedule I to her Petition,

Debtor indicates her net monthly income is $6,275. On Schedule J to her Petition, her monthly expenses of $1,625 for rent, $200 for clothing, $100 for personal care products, $558 BMW automobile lease payment, $450 for alimony, $2,500 for child support and $1,500 for travel expenses to visit her two children in Bowling Green.

Following the §341 Meeting conducted by the Chapter 7 Trustee, Mark Flener, the U.S. Trustee conducted a Rule 2004 Exam of the Debtor on July 7, 2015.

On July 29, 2015, Debtor filed an Amendment to her Schedules indicating that the one-time relocation bonus in her 2014 employment was $17,455. Her 2013 salary was $170,767. Debtor also indicated that her leased 2014 BMW was repossessed, that she had paid a security deposit of $4,000 held by her landlord and deleted the originally listed security deposit in the amount of $2,375.

On August 27, 2015, Trustee filed his Motion to Dismiss.

## **ANALYSIS**

The Trustee's Motion to Dismiss contends the Debtor's case is abusive and filed in bad faith as the totality of the Debtor's financial circumstances warrants dismissal pursuant to 11 U.S.C. § 707(b)(1). The statute provides, in pertinent part, that a court may dismiss a case filed by an individual debtor under Chapter 7 whose debts are primarily consumer debts, "if it finds that the granting of relief would be an abuse of the provisions of this chapter." The court has discretion to dismiss a case under 11 U.S.C. § 707(b)(1) either upon a finding of "bad faith" or if the granting of a discharge would be an abuse of chapter 7 under the totality of the debtor's financial circumstances. 11 U.S.C. § 707(b)(3)(A) and (B). In this case, neither bad faith nor the totality of the Debtor's financial circumstances demonstrate abuse or bad faith.

The Trustee takes issue with several items in Debtor's filings which the Court will consider in turn. First, the Trustee takes issue with Debtor's rent expense of $1,625, along with $500 scheduled for the payment of utilities. The Trustee takes issue with the fact that at the time Debtor filed her Petition, she was living in a two bedroom, two bathroom apartment with her boyfriend, Windsor Thompson. The lease to the apartment is in Mr. Thompson's name. Debtor has an oral agreement with Mr. Thompson to sublease the apartment. Debtor is not a party to the original lease with the apartment complex, but rather Debtor writes Thompson a check for $1,850 for rent and utilities every month. Also, Debtor paid Thompson a $4,000 security deposit to sublet the apartment. Mr. Thompson paid the landlord only a $200 security deposit.

Despite the fact that the Trustee indicates Mr. Thompson does not have a job and is basically living off the Debtor, Mr. Thompson is a member of the United States Army. He was living in North Carolina between deployments and attending school. Since the filing of the case, Mr. Thompson has been deployed and is no longer living in the apartment with the Debtor. The Debtor needs a two bedroom apartment so that when her children visit, they have a place to sleep. Regardless of Mr. Thompson's presence, Debtor still needs to pay rent for a place to live. The Court finds no abuse with this arrangement.

Next, the Trustee takes issue with the fact that Debtor leased a new 2014 BMW 328i for 36 months on February 22, 2014. The monthly lease payment on the vehicle was $558.13 and Debtor paid $129.88 for vehicle insurance per month. The BMW, however, was repossessed one day prior to the date the Debtor filed her Petition. At the time of the 2004 Examination, the Debtor had not yet found a replacement vehicle and was relying on transportation from friends.

The Trustee also takes issue with what it considers excessive personal spending by the Debtor. The Debtor is a high wage earner and has a job in which she supervises a large number of employees. As a professional working woman, she must dress professionally and have a presentable appearance. Upon moving to North Carolina to accept employment with Domtar, Debtor had no personal or household possessions and had to completely furnish her apartment. The expenditures, while high, were necessary considering Debtor had left all household possessions with her ex spouse and children in Bowling Green and had to replace everything to establish an entire new household.

Debtor testified that she made many financial purchases prior to her divorce that she would not necessarily have made had she known the outcome of her divorce proceeding. The bulk of Debtor's spending that the Trustee claims is excessive occurred prior to the divorce court's Order requiring Debtor to pay her ex-husband $450 per month for the next 15 years in alimony, $2,500 per month for child support, as well as most of the marital debt and the child visitation expenses. The court ordered obligations alone require Debtor to maintain her current employment. Without her current job, Debtor could not likely afford these court ordered payments. The expenditures referenced by the Trustee in its Motion occurred at a date too remote from the date of the Petition to be relevant to Debtor's current circumstances.

On June 17, 2014, the Debtor and her ex-husband entered into a Property Settlement Agreement whereby they agreed that Brian Witty would quitclaim his interest in the marital residence to Debtor, along with all corresponding debt. The bank holding the mortgage on the property was threatening foreclosure. Debtor unsuccessfully tried to sell the home and/or surrender the home to the bank. Debtor's ex-husband, who was living in the marital residence, was not cooperative in either maintaining the home while he was living there or in making the property

available for showings to prospective buyers. As a result, Debtor has been unable to either sell the home or give the bank a deed to the home in lieu of foreclosure. Debtor is responsible for the monthly mortgage payment on the property of $2,092 per month, plus an additional $500 per month for utilities and upkeep.

The parties share joint custody of their two children, with Brian Witty designated as the primary residential custodial parent. Debtor, pursuant to the Divorce Decree, is permitted visitation with her two children every other weekend from Friday at 4 p.m. until 6 p.m. Sunday. Debtor is required to pay all travel expenses for herself and the children. In order to maximize her time with the children, Debtor must fly from North Carolina to Nashville, rent a car to travel to Bowling Green and incur lodging costs for her visitation. Otherwise, because it is a nine hour car trip from her home in North Carolina to Bowling Green, Debtor would have to take off work on Friday and probably the following Monday for visitation with the children. For this reason, flying is the best option for her. Debtor amended her Schedules to establish that she spends an average of $2,200 to $3,800 per month in travel expenses on visitation. In addition to these expenses, she frequently must buy the children clothes because their father frequently does not send them with adequate clothing for the weekend visits. Debtor also is required to pay all health, dental and vision insurance for the children, as well as maintaining life insurance with the children listed as the beneficiaries.

Significantly, no creditors have objected to any exemptions claimed by the Debtor and no adversary proceedings to set aside transfers or demands for turnover have been filed.

The Trustee contends that Debtor has a "penchant for shopping at luxury retailers" to purchase clothing and furniture. Compared to the typical Chapter 7 debtor, Debtor does have large expenses, but they are commensurate with her lifestyle and job requirements as a high wage earner.

Considering the position Debtor holds with her employer, Debtor must spend an extraordinary amount of money on her clothing and personal appearance. It is to the creditors' benefit that Debtor continue to maintain her current position and rate of pay. Her expenses are in line with achieving these ends.

The Court does not find the Debtor's expenses abusive nor excessive, considering she is required by the Divorce Court to bear all expenses of her children and her ex-husband while continuing to maintain a high-end employment out of state. For these reasons, the Court does not find that this case was filed in bad faith or that the totality of the Debtor's financial circumstances warrant dismissal of the Chapter 7 Petition. Accordingly, the Motion of the United States Trustee to Dismiss Case as Abusive Pursuant to 11 U.S.C. § 707(b)(1), (b)(3)(A) and (b)(3)(B) is **DENIED**.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order denying the United States Trustee's Motion to Dismiss Case as Abusive.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 4, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ALISHA WITTY | ) | CASE NO. 15-10258(1)(7) |
| | ) | |
| Debtor(s) | ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of the United States Trustee to Dismiss Case as Abusive Pursuant to 11 U.S.C. §§ 707(b)(1), (b)(3)(A) and (b)(3)(B), be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 4, 2016